IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REED, C-66455, ) | |
| ) | |
| Petitioner, ) | No. C 10-5803 CRB (PR) |
| ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| ) | |
| R. GROUNDS, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) February 4, 2009 decision to deny him parole.

**BACKGROUND**

In 1983, petitioner was sentenced to an indeterminate term of 17 years to life in state prison after pleading guilty to second degree murder in Los Angeles County Superior Court.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On November 10, 2010, the Supreme Court of California denied his challenge to the BPH's decision of February 4, 2009.

**DISCUSSION**

A.   <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B.   <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPH's February 4, 2009 decision finding him not suitable for parole, and setting the next suitability hearing for three years, on the ground that the decision does not comport with due process and other constitutional guarantees.  Petitioner specifically claims that: (1) the decision violates due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public if released on parole; (2) setting the next suitability hearing for three years (rather than one) violates due process, the Eighth Amendment's proscription against cruel and unusual punishment, and the Ex Post Facto Clause; and (3) the BPH's use of confidential information petitioner was never afforded an opportunity to challenge at the hearing violates due process.

In the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 862 (2011).  The Constitution does not require more.  <u>Id.</u>

Claim (1) is dismissed because whether the BHP's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." <u>Id.</u> at 863. And claim (2) is dismissed because California's increase of the minimum hearing deferral period from one year to three years, pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," did not violate petitioner's due process, Eighth Amendment or ex post facto rights. <u>See</u> <u>Gilman v. Schwarzenegger</u>, No. 10-15471, 2011 WL 198435, at **4-8 (9th Cir. Jan. 24, 2011) (availability of advance hearings to BPH under Marsy's Law's scheme precluded relief on ex post facto grounds because such availability sufficiently reduced the risk of increased punishment for prisoners under the standard set out in <u>Garner v. Jones</u>, 529 U.S. 244 (2000)).

But liberally construed, claim (3) arguably states a minimally cognizable claim under § 2254 for denial of an opportunity to be heard and accordingly merits an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

/

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED:   May 6, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Reed, J1.osc.wpd

4