IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REED, C-66455,<br><br>        Petitioner,<br><br>vs.<br><br>R. GROUNDS, Warden,<br><br>        Respondent(s). | No. C 10-5803 CRB (PR)<br><br>ORDER DENYING<br>PETITION FOR A WRIT OF<br>HABEAS CORPUS |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) February 4, 2009 decision to deny him parole. For the reasons set forth below, a writ of habeas corpus will be denied.

**BACKGROUND**

In 1983, petitioner pled guilty to second degree murder in Los Angeles County Superior Court and was sentenced to an indeterminate term of seventeen years to life in state prison with the possibility of parole. He has been found not suitable for parole each time he has appeared before BPH, however.

On November 10, 2010, the Supreme Court of California denied petitioner's challenge to BPH's decision of February 4, 2009 finding him not suitable for parole and setting the next suitability hearing for three years.

On December 10, 2010, petitioner filed a pro se petition for a writ of habeas corpus under § 2254 in this court claiming that: (1) BPH's decision of February 4, 2009 violates due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public if released on parole; (2) setting the next suitability hearing for three years (rather than one), violates due process, the Eighth Amendment's protection against cruel and unusual punishment and the Ex Post Facto Clause; and (3) BPH's use of confidential information petitioner could not review and challenge at the parole suitability hearing violates due process.

Per order filed on May 9, 2011, the court dismissed claims (1) and (2) under the rationale of Swarthout v. Cooke, 131 S. Ct. 859 (2011), and Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011), but ordered respondent to show cause why a writ of habeas corpus under § 2254 should not be issued with respect to claim (3).  Respondent has filed an answer to the order to show cause.  Petitioner did not file a traverse.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

/

2

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. Id.

B.   Claim and Analysis

Petitioner claims he was denied due process when BPH considered confidential information to deny him parole without affording him an opportunity to review and challenge the confidential information at the parole suitability hearing. The claim is without merit on federal habeas review.

/

The Supreme Court recently made clear that under its holdings as of January 24, 2011 a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979)). The Constitution does not require more. Id.

Petitioner argues that not being allowed an opportunity to review and challenge the confidential information BPH relied on to deny him parole amounted to not being allowed an opportunity to be heard. But in view of the holdings of the Supreme Court as of the time of the state court decision rejecting petitioner's claim (i.e., November 10, 2010), petitioner cannot prevail on federal habeas because it cannot be said that the state court's rejection of his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1).

In Greenholtz, the Supreme Court held that inmates were allowed an opportunity to be heard when they were allowed an opportunity to present their case for parole to the board by way of letters, statements and witnesses. See Greenholtz, 442 U.S. at 4-5. The Court thus recognized that the right to be heard in the parole context meant a general opportunity to present one's case to the parole board. Nowhere in Greenholtz does the Court recognize that the right to be heard encompasses an opportunity to challenge specific evidence in an inmate's file. In fact, the Court made clear that in order to satisfy due process a parole board need not provide an inmate with a summary of evidence used to deny parole, or even "specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." Id. at 15.

Here, the record shows that petitioner and his attorney had an opportunity to review the non-confidential parts of his file before his parole suitability

/

hearing, and to present evidence in support of parole, answer the board's questions, and present closing arguments at the hearing.  On such a record, the state court reasonably could have found petitioner was allowed an opportunity to be heard because the Supreme Court has found similar procedural opportunities sufficient to satisfy the due process requirement of an opportunity to be heard.  See Greenholtz, 442 U.S. at 5.  That petitioner was not allowed an opportunity to review and challenge confidential information against him does not compel a different conclusion.  After all, Greenholtz made clear that in the parole context due process does not require that inmates be allowed an opportunity to object or respond to any particular evidence because parole hearings are not adversarial in nature.  See id. (parole hearing "not a traditional adversary hearing because the inmate is not allowed to hear adverse testimony or to cross-examine witnesses who present such evidence"); see also id. at 15 ("parole-release decision is . . . essentially an experienced prediction based on a host of variables," carrying a lower set of procedural burdens than adversarial proceedings).  Petitioner is not entitled to federal habeas relief because the state court's rejection of his due process claim cannot be said to be contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  See 28 U.S.C. § 2254(d)(1).  Put simply, petitioner has not shown that there was "no reasonable basis for the state court to deny relief."  Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

     Nor has he shown that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under 28 U.S.C. § 2254(d)(2).  After all, the state court did not make any factual findings in support of its summary denial of petitioner's claim.  Nor did it need to.  The claim involves the purely legal question of whether petitioner was afforded an opportunity to be heard consistent with federal due process.  See Swarthout, 131 S. Ct. at 862-63 (unnecessary to examine factual basis for parole board's decision when only issue of federal law is before federal habeas court).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  Oct. 12, 2011  

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Reed, J1.denial.wpd